IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:22-cv-244-BO-RJ

BOBBY M. CLAY, JR.,                          )
                                             )
            Plaintiff,                       )
                                             )
vs.                                          )          **STIPULATED CONSENT**
                                             )          **PROTECTIVE ORDER**
CITY OF ROCKY MOUNT,                         )
                                             )
            Defendant.                       )
_____)

WHEREAS, information, documents and materials may be sought, produced or exhibited

by and among the parties to the above-captioned case, which are claimed to contain protected,

confidential, and proprietary information, including but not limited to employment and personnel

records that must be safeguarded pursuant to, *inter alia*, N.C. Gen. Stat. § 160A-168, and trade

secrets as defined in N.C. Gen. Stat. § 66-152(3), any of which would qualify for protection under

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and Defendant City of Rocky Mount

("Defendant") and Plaintiff Bobby M. Clay, Jr., ("Plaintiff," collectively, the "Parties") have

sought an order to limit dissemination and disclosure of this information.

IT IS THEREFORE ORDERED:

1.      This Order shall govern the use and disposition of all information, documents,

electronic files, and other materials disclosed in this case which are designated as confidential

("Confidential Information") in accordance with this Order, whether produced by one of the

Parties to this case or by a non-party to the case (a "Non-Party").

The Party or Non-Party producing the Confidential Information described in Paragraph 1

above (a "Disclosing Party") may designate any information, document, or electronic file that is

produced in this case for protection under this Order by marking it at or before the time of production or exchange with the legend "CONFIDENTIAL" pursuant to this Order. All CONFIDENTIAL designations must be based on the good faith belief that the information labelled is not public and constitutes information subject to a legally protected right of privacy. All discovery materials and pleadings (with the exception of deposition transcripts, which are governed by Paragraphs 3 and 4 of this Order) must be designated Confidential prior to service thereof by stamping the word "CONFIDENTIAL" on each page containing Confidential Information. All documents shall be maintained in confidence by the Party or Parties receiving Confidential Information (each a "Receiving Party") until expiration of the above-described time limits for designation.

2.     Information designated as "CONFIDENTIAL" may also be designated "ATTORNEYS' EYES ONLY." The "ATTORNEY'S EYES ONLY" designation is reserved for Confidential Information that constitutes or contains (a) a trade secret as defined in N.C. Gen. Stat. § 66-152(3), or (b) proprietary business data, or other commercially sensitive information, the disclosure of which is likely to cause harm to the Disclosing Party.

Except as set forth herein, or in any subsequent order of the Court, a Receiving Party which receives any information, document, or electronic file designated as ATTORNEYS' EYES ONLY may deliver, exhibit, or disclose such information, document, or electronic file, after compliance with Paragraph 6 of this Order and only to the following persons: (a) counsel of record for each Party in this case, or attorneys or staff in such counsel's firm; (b) any person identified in the information, document, or electronic file itself as having authored or previously received the information, document, or electronic file; (c) outside consultants or outside experts retained for the purposes of assisting counsel in the investigation, trial, or appeal of this case or testifying at trial,

2

subject to Paragraph 6 of this Order, and on the condition that the Disclosing Party producing the Confidential Information is notified at least 10 days in advance of the identity of the outside consultant or outside expert who is planning to review the Confidential Information, so that the Disclosing Party has an opportunity to object and challenge disclosure of the Confidential Information to the outside consultant or outside expert; (d) court officials involved in the action; and/or (e) court reporters who transcribe proceedings in this litigation. Documents and electronic files designated "ATTORNEYS' EYES ONLY" and information contained therein shall not be given, shown, made available, or communicated in any way to any employee, officer, director, manager, member, partner, or owner of the party or parties to whom such materials are produced.

3.      In addition to those persons named in Paragraph 4 of this Order and subject to Paragraph 6 of this Order, any information, document, or electronic file designated as CONFIDENTIAL may be delivered, exhibited, or disclosed only to the following persons: (a) the Receiving Party, including the employees, and in-house counsel thereof, provided that except for in-house counsel working on this case, such employees shall receive such Confidential Information solely to the extent needed for purposes of prosecuting or defending the litigation and for no other purpose; (b) any person testifying at a deposition or court proceeding in this case or who, in counsel's good faith belief, may be called as a witness in this case; and/or (c) any other persons whom the Disclosing Party agrees in writing may receive the Confidential Information.

No information, document, or electronic file designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be disclosed to any person described in Paragraph 4 or 5 of this Order, excepting court officials involved in this action and court reporters transcribing proceedings in this action, until any such person has executed and delivered to counsel, prior to receipt or review of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the

3

Protective Order Confidentiality Agreement in the form attached as Exhibit A. Counsel for the Parties shall be responsible for obtaining such executed written agreements from all persons to whom they disclose such information. In the event that the Party noticing a deposition (or any other Party intending to examine the deponent at a deposition) indicates that CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed to the deponent during the deposition, the Party defending the deposition shall be responsible in good faith to use its best efforts to obtain an executed Protective Order Confidentiality Agreement from the deponent and deliver it to counsel prior to the date of the deposition or prior to any such disclosure during the deposition.

4.     Any information, document, or electronic file produced by a Party with a designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order shall not be used by the Receiving Party for any purpose other than the investigation, trial and appeal of this case. Specifically, such information, documents or electronic files designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be used by the Receiving Party or any of the Receiving Party's outside experts or consultants for any business or competitive purpose or for any litigation purposes other than the investigation, trial, and appeal of this case.

To the extent that any information, document, or electronic file designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY is used in the taking of a deposition, such information shall remain subject to this Order, along with pages of the deposition testimony referencing the material. Information (including testimony) disclosed at a deposition may be designated by counsel as CONFIDENTIAL or ATTORNEYS' EYES ONLY by either:

> (a)     Indicating on the record at the deposition that the information is CONFIDENTIAL or ATTORNEYS' EYES ONLY and is subject to the provisions of this Protective Order applicable to CONFIDENTIAL or ATTORNEYS' EYES ONLY material, respectively; or

4

(b)  Notifying other counsel in writing within ten (10) business days of the receipt of the transcript of those pages and lines or those exhibits that are CONFIDENTIAL or ATTORNEYS' EYES ONLY. Until the expiration of such ten-day period the entire deposition transcript shall be treated as ATTORNEYS' EYES ONLY.

Upon being informed that certain portions of a deposition disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information, counsel for each Party must cause each copy of the transcript in its custody or control to be so marked as soon as reasonably possible. All CONFIDENTIAL or ATTORNEYS' EYES ONLY designations must be based on the good faith belief of the designating counsel that the material constitutes or contains: (i) proprietary or sensitive business, personal or financial information or (ii) information subject to a legally protected right of privacy.

5.  A Party may oppose the designation of any information, document, or electronic file as CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time before trial by notifying the Disclosing Party and giving that Disclosing Party ten (10) days to consider the request to de-designate the material. If the Parties are unable to agree on the protected status of a document, the Party opposing the designation may request an appropriate order from the Court.

The designation or receipt of any information, document, or electronic file as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Order, shall not be construed as an admission by a Disclosing Party that such material is relevant or material to any issue in the case or is otherwise discoverable, or as an admission by a Receiving Party that such material is, in fact, confidential commercial or other confidential or sensitive information.

6.  Notwithstanding any other provision of this Order, the designation of any information, document, or electronic file as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Order, shall not require a Receiving Party to keep that information confidential under the terms of this Order, if the Receiving Party already has lawfully received the material

5

from a source other than the Disclosing Party, without an obligation to keep it confidential. Provided however, that any such Receiving Party shall first provide notice to the Disclosing Party of the circumstances under which such Receiving Party has received the same material from a source other than the Disclosing Party, without an obligation to keep it confidential.

Prior to filing any brief, memorandum, transcript of testimony or other document with the Court that incorporates or refers to any information, documents, or electronic files designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the filing Party shall take sufficient measures to ensure that the CONFIDENTIAL or ATTORNEYS' EYES ONLY information is not contained in the public Court file, including, where appropriate, seeking leave pursuant to EDNC Local Rule 79.2 to file CONFIDENTIAL or ATTORNEYS' EYES ONLY information, documents or electronic files under seal.

7.      Information, documents and electronic files produced by any Party or Non-Party with a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are intended by the Parties to be subject to the confidential information exception of the Public Records Act found in Chapter 132 of the North Carolina General Statutes. As detailed in N.C. Gen. Stat. § 132-1.2, such Confidential Information shall not be deemed a public record, and a public agency or its subdivision shall not be required or authorized to disclose such Confidential Information.

The inadvertent or unintentional disclosure hereafter by the Disclosing Party of Confidential Information either by way of document production or deposition testimony, regardless of whether the information was designated CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any inadvertently or unintentionally

disclosed Confidential Information not designated as such pursuant to this Order at the time of its disclosure shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, as applicable, as soon as reasonably possible after the Disclosing Party becomes aware of the erroneous disclosure and shall thereafter be treated as Confidential Information. No Party shall be responsible to any other Party or Non-Party for any use made of information produced and not designated as Confidential Information until such designation is made in writing.

8.     Subject to the Federal Rules of Civil Procedure, Confidential Information may be offered in evidence at trial or any hearing in open court provided that the proponent of the evidence first gives reasonable notice to counsel for the Disclosing Party. The Disclosing Party may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to review it. The Court shall then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, should be afforded to such evidence at the trial or hearing. Nothing in this Order shall operate as an admission by any Party that any information is or is not admissible in evidence in this case.

With respect to subpoenas or other discovery requests seeking Confidential Information, any Party may invoke the terms of this Order in writing with respect to any Confidential Information to be provided to the requesting Party, provided that the Party invoking the terms of this Order has a proprietary or confidentiality interest in the Confidential Information so requested, or has knowledge that a Non-Party has a proprietary or confidentiality interest that should be protected, or which it is otherwise obligated to keep confidential. In the event that a Party seeks discovery from a Non-Party to this case, the Non-Party may invoke the terms of this Order in writing to all Parties to the case with respect to any Confidential Information to be provided to the requesting Party by the Non-Party.

7

9.     The Parties, and any representatives, agents, independent contractors, or experts retained by the Parties, who learn of a violation of the terms of this Order have an obligation to report the violation to the Disclosing Party's counsel of record or, in the event that the Disclosing Party is not represented by counsel, directly to the Disclosing Party immediately upon learning of the violation of this Order. At the same time, any Party learning of a violation of this Order is obligated to take all reasonable steps to retrieve the Confidential Information inadvertently disclosed and otherwise to limit any damage caused by a disclosure of Confidential Information in violation of this Order.

Following entry of a final decision or judgment and the expiration of the time for appeal in the above-captioned case, and within twenty (20) days after receipt of a general demand from a Disclosing Party, each Receiving Party shall collect all material that has been marked by a Disclosing Party as CONFIDENTIAL or ATTORNEYS' EYES ONLY, including any copies or replicas that have been furnished to any other person, and return it to the Disclosing Party, together with appropriate certification of compliance with the terms of this paragraph. Provided however, that the obligation to return any such material shall not apply to material furnished to the Court, or material which the Court has determined to be not properly deemed Confidential.

10.     In lieu of returning copies of Confidential Information protected by this Order to the Disclosing Party, the Receiving Party's counsel may destroy all copies of the protected Confidential Information within ten (10) days of receipt of the demand referred to in Paragraph 9, if counsel for a Receiving Party confirms, in writing, that it has destroyed all such protected material. This Order does not prevent any Party from asserting any legally cognizable privilege to withhold any document or information.

8

Any Party may apply to the Court for a modification of this Order for good cause shown, and nothing herein shall be deemed to prejudice or waive any Party's right to seek such a modification.

11.     Each Party shall bear its own costs and expenses in complying with this Order. This provision does not prevent a Party from asserting a claim against any other Party for any costs or expenses associated with enforcing alleged breach or failure to abide by this Protective Order.

SO ORDERED, this the __7__ day of _December_ 2022.

_____
TERRENCE W. BOYLE, US DISTRICT JUDGE

THE PARTIES HEREBY CONSENT TO THE FOREGOING ORDER:

This 3rd day of November, 2022.

**POYNER SPRUILL LLP**                    **QUINN LAW FIRM**

By:  /s/ Steven A. Rowe                    By:  /s/ Nancy P. Quinn
     Steven A. Rowe                             Nancy P. Quinn
     N.C. State Bar No. 16031                   N.C. State Bar No. 16799
     Kaitlin C. Dewberry                        315 Spring Garden St., Suite 1D
     N.C. State Bar No. 50269                   Greensboro, NC 27401
     1151 Falls Road, Suite 1000               Telephone: (336) 272-9072
     Rocky Mount, NC 27804                      npquinn@thequinnlawfirm.com
     Telephone: (252) 446-2341
     Facsimile: (919) 783-1075                 *Attorney for Plaintiff*
     srowe@poynerspruill.com                   *Bobby M. Clay, Jr.*
     kdewberry@poynerspruill.com

     *Attorneys for Defendant*
     *City of Rocky Mount*

9